# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH ERNEST, JR., | CV F   06-1749 LJO DLB HC |
| Petitioner, | ORDER DISREGARDING PETITIONER'S MOTION TO ENFORCE JUDGMENT; DENYING MOTION FOR RECONSIDERATION; AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT |
| v. | |
| DENNIS SMITH, Warden, | [Docs. 6, 8] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On February 12, 2007, the Magistrate Judge issued Findings and Recommendations that the petitioner for writ of habeas corpus be granted, and Respondent be ordered to consider the appropriateness of transferring Petitioner to an RRC in light of the factors set forth in § 3621(b), not excluding any other factors deemed appropriate by the BOP, without reference to the BOP policy promulgated in December 2002 and without reference to the BOP's February 14, 2005, amendment to 28 C.F.R. § 570.21.  (Court Doc. 4.)

On April 11, 2007, Petitioner filed a motion to enforce the judgment.  (Court Doc. 6.)

On April 18, 2007, the undersigned adopted the Findings and Recommendations in full, granted the petition for writ of habeas corpus, and directed Respondent to consider the appropriateness of transferring Petitioner to an RRC.  (Court Doc. 7.)

On June 6, 2007, Petitioner filed a motion to reconsideration.  (Court Doc. 8.)

With regard to Petitioner's motion to enforce the judgment, it shall be disregarded. Petitioner filed this motion after the Findings and Recommendation was issued and prior to the Court's final order of April 18, 2007, and sought to enforce the Findings and Recommendation which was not a final order.  As such, Petitioner's motion shall be disregarded as premature.

1      With regard to Petitioner's motion for reconsideration, it must be denied.  Petitioner
2 argues that Respondent improperly utilized Progam Statement 7310.04 to determine his
3 placement and transfer to an RRC.  Program Statement 7310.04, <u>Community Correction Center
4 (CCC) Utilization and Transfer Procedure,</u> (12-16-1998), does not require an assessment be
5 conducted until 11-13 months from the date of Petitioner's projected release date.  There is no
6 authority of which this Court has been alerted to which would require the BOP to conduct an
7 RRC eligibility review or immediately transfer an inmate to an RRC upon an inmate's demand.
8 Rather, the BOP retains the *discretion* to transfer the inmate at any time during his or her
9 incarceration, and only has the *duty* to consider an inmate for transfer in the last six months of the
10 sentence. 18 U.S.C. § 3624(c); <u>Elwood v. Jeter</u>, 386 F.3d 842, 847 (8th Cir.2004.).

11      Even though Petitioner did not challenge Program Statement 7310.04 in his petition, the
12 potential claim would be meritless. Program Statement 7310.04 does not limit the BOP's
13 discretion like 28 C.F.R. §§ 570.20, 570.21. It only requires the BOP conduct an assessment
14 within 11 to 13 months from the date of the projected release date, thereby assuring the inmate
15 receives a timely assessment. The program statement does not preclude the BOP from exercising
16 its discretion and conducting an assessment at any time during an inmate's sentence. Therefore,
17 the program statement does not run afoul of 18 U.S.C. § 3621(b), and Petitioner's motion for
18 reconsideration is be denied.

**ORDER**

20   1.   Petitioner's motion to enforce the judgment, filed on April 11, 2007, is
21        DISREGARDED;
22   2.   Petitioner's motion for reconsideration, filed on June 7, 2007, is DENIED; and,
23   3.   The Clerk of Court is DIRECTED to enter judgment and close the case.

26 IT IS SO ORDERED.

27 **Dated:   January 4, 2008**            /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE